United States District Court

For the Northern District of California

1

2

3

4

5

6

7

8                    IN THE UNITED STATES DISTRICT COURT

9              FOR THE NORTHERN DISTRICT OF CALIFORNIA

10

11   TEODORA VELAZQUEZ, et al.,                No. C-13-1404 MMC

12              Plaintiffs,                    **ORDER DENYING DEFENDANTS'
                                               MOTION TO DISMISS FIRST AMENDED**
13        v.                                   **COMPLAINT; GRANTING IN PART AND
                                               DENYING IN PART DEFENDANTS'**
14   WASTE MANAGEMENT NATIONAL                 **MOTION TO SEVER**
     SERVICES, INC., et al.,
15
                Defendants.
16   _____/

17

18        Before the Court are two motions, both filed May 10, 2013 by defendants Waste

19   Management National Services, Inc., Waste Management of California, Inc., and Waste

20   Management of Alameda County, Inc.:  (1) "Motion to Dismiss Complaint under FRCP

21   Rules 8, 12(b) and 12(b)(6); or in the Alternative, for a More Definite Statement Pursuant to

22   FRCP 12(e)"; and (2) "Motion to Sever Plaintiffs' First Amended Complaint Pursuant to

23   F.R.C.P. 21."  Plaintiffs have filed opposition, to which defendants have replied.  Having

24   read and considered the papers filed in support of and in opposition to the motion, the

25   Court rules as follows.[1]

26   //

27   //

28
     _____
          [1]By order filed June 26, 2013, the Court took the matters under submission.

**A. Motion to Dismiss**

1. Contrary to defendants' argument, the First, Second, and Third Causes of Action, by which certain plaintiffs allege violations of the Family and Medical Leave Act ("FMLA"), 29 U.S.C. § 2615, is not preempted by § 301 of the Labor Management Relations Act ("LMRA"); LMRA preemption only applies to state law claims. See Allis-Chalmers Corp. v. Lueck, 471 U.S. 202, 220 (1985) (holding "when resolution of a state- law claim is substantially dependent upon analysis of the terms of an agreement made between the parties in a labor contract, that claim either must be treated as a § 301 claim or dismissed as preempted") (internal citation omitted); Clark v. Eagle Ottawa, LLC, 2007 WL 581650, *9-10 (N.D. Iowa 2007) (holding "FMLA claims cannot be preempted by the LMRA because the FMLA is not a state law claim").

2. Contrary to defendants' argument, the Fourth Cause of Action, by which all plaintiffs allege retaliation in violation of the Fair Employment and Housing Act ("FEHA"), is not preempted by the LMRA. See Allis-Chalmers, 471 U.S. at 213 (holding claims based on "nonnegotiable state-law rights" not preempted by LMRA); Ramirez v. Fox Television Station, Inc., 998 F.2d 743, 748-49 (9th Cir. 1993) (holding rights conferred by FEHA are "nonnegotiable"); see also Jimeno v. Mobil Oil Corp., 66 F.3d 1514, 1523 (9th Cir. 1995) (citing cases holding LMRA does not preempt "discrimination claims under the FEHA").[2]

3. Contrary to defendants' argument, the Fifth and Sixth Causes of Action, by which plaintiff Teodora Velazquez alleges claims under FEHA for, respectively, sex discrimination

---

[2]The Court  notes, however, that, to state a claim under FEHA's "antiretaliation provision," Cal. Gov't Code § 12940(h), a plaintiff must allege he engaged in "protected activity" prior to the retaliatory conduct; "protected activity" has been defined as "oppos[ing] conduct that ultimately is determined to be unlawfully discriminatory under the FEHA" or "oppos[ing] conduct that the employee reasonably and in good faith believes to be discriminatory, whether or not the challenged conduct is ultimately found to violate the FEHA." See Yanowitz v. L'Oreal USA, Inc., 36 Cal. 4th 1028, 1042-43 (2005).  Here, other than plaintiff Teodora Velazquez, plaintiffs do not allege they complained about conduct that violated, or that they reasonably could have believed violated, FEHA.  Defendants, however, do not seek dismissal of the Fourth Cause of Action on such ground, and, consequently, the Court does not address herein such additional issue.  Cf. Jimeno, 66 F.3d at 1520 (first considering "threshold issue, raised by [defendant] . . . , whether . . . [plaintiff] established a prima facie case of . . . discrimination under the FEHA").

1  and hostile work environment, are not preempted by the LMRA.  See Allis-Chalmers, 471

2  U.S. at 213; Jimeno, 66 F.3d at 1523.

3         4.  Contrary to defendants' argument, the Seventh Cause of Action, by which all

4  plaintiffs allege a claim for intentional infliction of emotional distress ("IIED"), is not

5  preempted by the LMRA because, as pleaded, the Seventh Cause of Action is entirely

6  derivative of plaintiffs' FMLA and/or FEHA claims.  See Perugini v. Safeway Stores, Inc.,

7  935 F.2d 1083, 1086, 1088-89 (9th Cir. 1991) (holding IIED claim not preempted by LMRA

8  to extent derivative of Title VII discrimination claim; finding resolution thereof "depend[ent]

9  on a purely factual inquiry into the conduct and motivation of the employer");[3] U.S. Equal

10  Opportunity Comm'n v. Almraisi, 535 F. Supp. 2d 1149, 1167-68 (D. Haw. 2008) (holding

11  IIED claim derivative of state statutory discrimination claim not preempted by LMRA).

12         5. Contrary to defendants' argument, the Seventh Cause of Action, to the extent it is

13  brought on behalf of plaintiffs Philip Perry, Mark Mariani, Eddie Hitchcock, Antonio Ingram,

14  and Alan Manrique ("FMLA Plaintiffs"), is not subject to dismissal for failure to state a claim.

15  Although "emotional distress caused by misconduct in employment relations" is generally

16  insufficient to state a claim for IIED, see Accardi v. Superior Court, 17 Cal. App. 4th 341,

17  352 (1993), an exception exists where the "work-related conduct" contravenes "public

18  policy," see Gibbs v. American Airlines, Inc., 74 Cal. App. 4th 1, 9-10 (1999), and, for

19  purposes of California law, "a violation of the FMLA . . . constitute[s] a violation of public

20  policy," see Liu v. Amway Corp., 347 F.3d 1125, 1137-38 (9th Cir. 2003).[4]

21        6.  Contrary to defendants' argument, defendants are not entitled to a more definite

22  statement; the First Amended Complaint ("FAC") includes sufficient allegations to enable

23  //

24

25      [3]As noted above, however, to the extent any such claim is based solely on an alleged violation of FEHA, and not brought by plaintiff Teodora Velazquez, such claim may

26  be subject to dismissal on other grounds.

27      [4]As discussed below, the Court lacks subject matter jurisdiction over the state law claims of the plaintiffs who do not allege a violation of FMLA.  Consequently, the Court

28  does not consider whether those plaintiffs have sufficiently alleged an IIED claim under state law.

1  defendants to "reasonably prepare a response" thereto.  See Fed. R. Civ. P. 12(e).[5]

2  **B.  Motion to Sever**

3  1.  Contrary to defendants' argument, the claims alleged in the First Cause of Action

4  on behalf of the FMLA Plaintiffs are properly joined.  Specifically, said claims "aris[e] out of

5  the same transaction, occurrence, or series of transactions or occurrences," see Fed. R.

6  Civ. P. 20(a)(1)(A), as each of the FMLA Plaintiffs is alleged to have been subjected to

7  defendants' policy requiring "doctor's notes each time each [p]laintiff used his pre-approved

8  [FMLA] time off" (see FAC ¶ 267); additionally, said claims present a "question of law . . .

9  common to all plaintiffs," see Fed. R. Civ. P. 20(a)(1)(B), specifically, whether application of

10  such policy constituted "interfer[ence] with . . . the exercise of" the FMLA Plaintiffs' right to

11  FMLA leave, see 29 U.S.C. 2615(a)(1); (see also FAC ¶ 267 (alleging "[d]efendants

12  violated the FMLA by interfering with the exercise of each [FMLA] Plaintiffs' right to unpaid

13  leave under the FMLA by requiring doctor's notes")).[6]

14  2.  Contrary to plaintiffs' argument, the claims of plaintiffs Paul Blum, Oscar

15  Largeaspada, Karlton Prater, Charles Martin, Carl Yates, Antonio Victoria, Thomas

16  Hoover, and Teodora Velazquez ("Non-FMLA Plaintiffs") are not properly joined with the

17  claims of the FMLA Plaintiffs, because the Non-FMLA Plaintiffs' state law retaliation claims,

18  and, in addition as to Teodora Velazquez, her claims of gender discrimination, do not arise

19  out of defendants' alleged application of a policy that assertedly violates FMLA.  See Fed.

20  R. Civ. P. 20(a).  Rather, such plaintiffs allege they complained about a variety of different

21  matters and thereafter were subjected to differing types of adverse employment actions

22  taken by a number of different managers or supervisors, and occurring at different times.

23

24  [5]As discussed below, the Court lacks subject matter jurisdiction over the state law
25  claims of the plaintiffs who do not allege a violation of FMLA.  Consequently, the Court
does not consider whether defendants are entitled to a more definite statement with
26  respect to such plaintiffs' claims.

27  [6]Defendants do not argue the other claims alleged by each such plaintiff are not
properly joined with each such plaintiff's First Cause of Action.  The Court notes, however,
28  that each such plaintiff's retaliation claims are based on facts unique to that plaintiff and,
consequently, separate trials may be required.  See Fed. R. Civ. P. 42(b).

4

1  See Coughlin v. Rogers, 130 F.3d 1348, 1351 (9th Cir. 1997) (holding "claims aris[ing]

2  under the same general law" not properly joined where each claim based on "discrete"

3  facts with "different legal issues" and where resolution of each claim would require

4  "individualized attention").

5        3.  Because the FMLA Plaintiffs' claims and the Non-FMLA Plaintiffs' state law

6  claims do not share a "common nucleus of operative fact," see Trustees v. Desert Valley

7  Landscape & Maintenance, Inc., 333 F.3d 923, 925 (9th Cir. 2003) (holding, for purposes

8  of supplemental jurisdiction, "[n]on-federal claims are part of the same 'case' as federal

9  claims when they derive from a common nucleus of operative fact") (internal quotation and

10  citation omitted), the Non-FMLA Plaintiffs' claims must be severed from the action and

11  remanded to state court, see 28 U.S.C. § 1441(c)(2) (providing where removed complaint

12  contains both federal claims and claims over which court lacks supplemental jurisdiction,

13  district court "shall sever [the latter] from the action" and "shall remand the severed claims

14  to the State court from which the action was removed").[7]

**CONCLUSION**

16      For the reasons stated above,

17      1.  Defendants' motion to dismiss is hereby DENIED.

18      2.  Defendants' motion to sever is hereby GRANTED in part and DENIED in part as

19  follows:

20        a.  To the extent defendants seek to sever the claims of Paul Blum, Oscar

21  Largeaspada, Karlton Prater, Charles Martin, Carl Yates, Antonio Victoria, Thomas Hoover,

22  and Teodora Velazquez, the motion is GRANTED, and said claims are hereby SEVERED

23  from the above-titled action and REMANDED to the Superior Court of the State of

24  California, in and for the County of Alameda.

25  //

26  _____

27      [7]Defendants seek an order requiring each of the Non-FMLA Plaintiffs to proceed in a separate federal action.  Because the claims of the Non-FMLA Plaintiffs will be remanded,

28  however, the determination as to the propriety of the joinder of the claims of the Non-FMLA Plaintiffs is an issue of state law to be addressed in state court.

1        b.  To the extent defendants seek to sever the claims of Philip Perry, Mark

2  Mariani, Eddie Hitchcock, Antonio Ingram, and Alan Manrique, the motion is DENIED.

3        **IT IS SO ORDERED.**

5  Dated:  July 3, 2013

6                                              MAXINE M. CHESNEY
                                               United States District Judge

6