IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TEODORA VELAZQUEZ, et al.,<br><br>    Plaintiffs,<br><br>  v.<br><br>WASTE MANAGEMENT NATIONAL SERVICES, INC., et al.,<br><br>    Defendants.<br>_____ / | No. C-13-1404 MMC<br><br>**ORDER DENYING DEFENDANTS' MOTION FOR SANCTIONS; VACATING HEARING** |

    Before the Court is defendants' "Motion for Sanctions Pursuant to F.R.C.P. 11 and/or 28 U.S.C. § 1927," filed June 18, 2013. Plaintiffs have filed opposition, to which defendants have replied. Having read and considered the papers filed in support of and in opposition to the motion, the Court deems the matter suitable for decision on the parties' respective written submissions, VACATES the hearing scheduled for July 26, 2013, and rules as follows.

    In response to plaintiffs' initial complaint, filed in state court and subsequently removed by defendants, defendants filed a motion to dismiss and a motion to sever. Thereafter, before the motions directed at the initial complaint could be heard by the Court, plaintiffs filed a First Amended Complaint ("FAC"), and defendants subsequently filed a motion to dismiss the FAC and a motion to sever. In the instant motion for sanctions,

defendants argue the initial complaint and the FAC, by joining the claims of thirteen separate plaintiffs, "fail[ed] to comply with the pleading standards of the Federal Rules of Civil Procedure and [were] designed solely to burden [d]efendants with increased litigation costs." (See Defs.' Mot. at 7:16-18, 1:16-18.)  Consequently, defendants argue, the Court should award defendants "a sanction of $1,000.00 per [p]laintiff" (see Defs.' Mot. at 2:1-3), for a total of $13,000, and, in addition, should require plaintiffs to pay a monetary sanction, in an amount not specified in the motion, to the Court.

After the instant motion for sanctions was filed, the Court, by order filed July 3, 2013, denied defendants' motion to dismiss the FAC,[1] and, further, denied defendants' motion to sever to the extent it challenged the joinder of claims asserted on behalf of five plaintiffs who alleged violations of the federal Family and Medical Leave Act ("the FMLA Plaintiffs").  Although the Court did agree with defendants that the claims of the eight plaintiffs who did not allege violations of the Family and Medical Leave Act ("the Non-FMLA Plaintiffs") were not properly joined with the claims of the FMLA Plaintiffs, defendants have not made the requisite showing for an award of sanctions under either authority on which they rely.

In particular, in support of such joinder plaintiffs relied, inter alia, on authority broadly interpreting Rule 20 in the context of employment matters (see, e.g., Opp. to Mot. to Sever at 3:6-23 (citing Mosley v. General Motors Corp., 497 F.2d 1330 (8th Cir. 1974)), and defendants have not shown plaintiffs' arguments were "clearly frivolous, legally unreasonable or without legal foundation, or brought for an improper purpose," see

---

[1] The FAC differs from the initial complaint in that the FAC, unlike the initial complaint, alleges plaintiffs exhausted their state administrative remedies, and, further, removes from the caption a reference to an individual on whose behalf no substantive claims had been alleged.  To the extent defendants argue sanctions are warranted because plaintiffs filed an FAC rather that waiting for the Court to rule on the motions directed at the initial complaint, the Court disagrees.  As defendants acknowledge, plaintiffs, as a matter of procedure, were "free to amend their [c]omplaint before the Court ruled on [d]efendants' motions [directed at the initial complaint]."  (See Defs.' Mot., filed June 18, 2013, 9:24-25.)  Additionally, a proper purpose for filing the FAC is evident, in that plaintiffs cured two deficiencies identified by defendants in the first motion to dismiss, specifically, as noted above, by the addition of exhaustion allegations and the removal of a party.

Case 3:13-cv-01404-MMC   Document 36   Filed 07/23/13   Page 3 of 3

Operating Engineers Pension Trust v. A-C Co., 859 F.2d 1336, 1344-45 (9th Cir. 1988) (describing Rule 11 sanctions as "an extraordinary remedy, one to be exercised with extreme caution"), nor have defendants shown such arguments were made in "bad faith," see In re Keegan Management Co. Sec. Litig., 78 F.3d 431, 436 (9th Cir. 1995) (holding order awarding sanctions under § 1927 requires "finding of subjective bad faith").

Accordingly, the motion for sanctions is hereby DENIED.

**IT IS SO ORDERED.**

Dated: July 23, 2013

MAXINE M. CHESNEY
United States District Judge