IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

TEODORA VELAZQUEZ, et al.,

    Plaintiffs,

    v.

WASTE MANAGEMENT NATIONAL SERVICES, INC., et al.,

    Defendants.

No. C-13-1404 MMC

**ORDER DENYING PLAINTIFFS' MOTION FOR PREVAILING PARTY ATTORNEYS' FEES; VACATING HEARING**

    Before the Court is plaintiffs' "Motion for Prevailing Party Attorneys' Fees Under Rule 11," filed August 10, 2013. Defendants have filed opposition, to which plaintiffs have replied. Having read and considered the papers filed in support of and in opposition to the motion, the Court deems the matter suitable for decision on the parties' respective written submissions, VACATES the hearing scheduled for September 20, 2013, and rules as follows.

    On June 18, 2013, defendants filed a "Motion for Sanctions Pursuant to F.R.C.P. 11 and/or 28 U.S.C. § 1927," in which defendants argued that, by joining in a single complaint what were in actuality thirteen separate actions brought by thirteen separate individuals, plaintiffs had violated, inter alia, Rule 11 of the Federal Rules of Civil Procedure. By order filed July 23, 2013, the Court denied defendants' motion.

Plaintiffs, as the parties who prevailed on the Rule 11 motion, now seek an award of attorney's fees incurred in opposing the motion.  See Fed. R. Civ. P. 11(c)(2) (providing "[if] warranted, the court may award to the prevailing party the reasonable expenses, including attorney's fees, incurred for the motion").  In particular, plaintiffs assert, defendants had no basis for filing their Rule 11 motion as the arguments made therein as to misjoinder were, according to plaintiffs, "risible."  (See Pls.' Reply at 2:21-22.)

Contrary to plaintiffs' characterization, however, defendants' arguments were not without merit.  Indeed, in an order filed July 3, 2013, the Court granted in part defendants' motion to sever, filed May 10, 2013, thereby severing from the above-titled action and remanding to state court the claims brought by eight of the thirteen named plaintiffs.  (See Order, filed July 3, 2013.)

The Court nonetheless recognizes that a motion for sanctions should not be used as an alternative means for challenging a pleading, see, e.g., MetLife Bank, N.A. v. Badostain, 2010 WL 5559693, *9-10 (D. Id. December 30, 2010), and here, as noted, defendants had already filed a motion covering the same subject matter as that addressed in their Rule 11 motion.  In contrast to cases wherein the court has awarded attorney's fees to a party opposing a Rule 11 motion, however, defendants engaged in no conduct evidencing bad faith or otherwise warranting an award of fees.  See, e.g., id. at *8-9 (holding award of fees to party opposing Rule 11 motion warranted where motion included misstatements of law and fact brought to movant's attention prior to filing of motion); see also Safe-Strap Co. v. Koala Corp., 270 F. Supp. 2d 407, 421 (S.D. N.Y. 2003) (holding award of fees to prevailing party appropriate where "motion for Rule 11 sanctions is not well grounded in fact or law, or is filed for an improper purpose").

Accordingly, plaintiffs' motion for an award of attorney's fees is hereby DENIED.

**IT IS SO ORDERED.**

Dated:  September 13, 2013

MAXINE M. CHESNEY
United States District Judge